**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STATE OF UTAH, on behalf of the Utah
Department of Environmental Quality,
Division of Air Quality,

      Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, and GINA
McCARTHY, Administrator, United
States Environmental Protection Agency,

      Respondents.

--------------------

UTAH ASSOCIATED MUNICIPAL
POWER SYSTEMS,

      Intervenor.

No. 13-9535

---

PACIFICORP,

      Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, and GINA
McCARTHY, Administrator, United
States Environmental Protection Agency,

      Respondents.

No. 13-9536

--------------------

UTAH ASSOCIATED MUNICIPAL
POWER SYSTEM; STATE OF UTAH
DEPARTMENT OF ENVIRONMENTAL
QUALITY AND DIVISION OF AIR
QUALITY,

     Intervenors.

**PETITION FOR REVIEW OF FINAL DECISION ISSUED BY
THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
EPA-R09-OAR-2011-0589 and EPA-R08-OAR-2011-0114**

E. Blaine Rawson, Ray Quinney & Nebeker, P.C., (Michael G. Jenkins, Assistant General Counsel, PacifiCorp Energy, on the briefs), Salt Lake City, Utah, for Petitioner PacifiCorp.

Christian C. Stephens, Assistant Attorney General, (Craig W. Anderson, Division Chief and Assistant Attorney General, on the briefs), Utah Attorney General's Office, Salt Lake City, Utah, for Petitioner-Intervenor State of Utah.

Stephanie J. Talbert, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C. (Robert G. Dreher, Acting Assistant Attorney General, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C.; Chloe H. Kolman, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C.; Matthew C. Marks, Of Counsel, Office of General Counsel, United States Environmental Protection Agency, Washington, D.C.; Sara L. Laumann, Of Counsel, Office of Regional Counsel, United States Environmental Protection Agency, Region 8, Denver, Colorado, on the brief), for Respondent.

H. Michael Keller, Van Cott, Bagley, Cornwall & McCarthy, P.C., (Mary Jane E. Galvin-Wagg, Van Cott, Bagley, Cornwall & McCarthy, P.C.; Mason Baker, General Counsel Utah Associated Municipal Power Systems, on the briefs), Salt Lake City, Utah, for Intervenor Utah Associated Municipal Power Systems.

2

Before **BACHARACH**, **SEYMOUR**, and **MURPHY**, Circuit Judges.

**BACHARACH**, Circuit Judge.

This action grows out of the Clean Air Act, which requires states to adopt programs that will reduce emission of air pollutants that affect visibility. In light of this requirement, the State of Utah submitted a revised plan to the Environmental Protection Agency. The agency partially rejected the plan, and the State of Utah and one of the affected companies (PacifiCorp) filed petitions for review. Though all parties agree that we have jurisdiction, we disagree and dismiss the petitions.

## I. Timeliness as a Jurisdictional Requirement

Under the Clean Air Act, an aggrieved party must ordinarily file a petition for review within 60 days of the date on which the EPA's action appears in the Federal Register. 42 U.S.C. § 7607(b)(1) (2012). This deadline is jurisdictional. *See Okla. Dep't of Envtl. Quality v. EPA*, 740 F.3d 185, 191 (D.C. Cir. 2014) (stating that the 60-day deadline in 42 U.S.C. § 7607(b)(1) is jurisdictional).

The agency's rejection of the Utah plan appeared in the Federal Register on December 14, 2012, and Utah and PacifiCorp waited until March 21 and 22, 2013, to file petitions for review. 77 Fed. Reg. 74355 (Dec. 14, 2012) (EPA action).

Because more than 60 days had passed from the date of publication in the Federal

Register, the petitions would ordinarily be considered untimely.

## II.    The Parties' Arguments

The EPA, Utah, and PacifiCorp present four arguments in support of

jurisdiction:

- The 60-day deadline does not apply to grounds arising after the 60th day;

- the EPA changed the promulgation date when it identified the deadline as March 25, 2013;

- filing after the 60th day is allowed under the "reopener doctrine"; and

- denial of jurisdiction would be inequitable.

We reject each argument as a basis for jurisdiction.

### A.    Grounds Arising After the 60th Day

There is an exception to the 60-day deadline when the petition "is based

solely on grounds arising" after the 60th day.  42 U.S.C. § 7607(b)(1) (2012).

PacifiCorp invokes this exception, but it does not apply here because the

"grounds" for the petitions lie in the EPA action published on December 14, 2012.

The term "grounds," as used in § 7607(b)(1), is not defined in our

precedents.  But the Supreme Court has elsewhere defined the term "grounds" as

"a sufficient legal basis for granting the relief sought."  *Sanders v. United States*,

373 U.S. 1, 16 (1963) (defining the term "ground" for successive motions for

relief under the habeas statutes or 28 U.S.C. § 2255).

4

The legal basis for the claim existed on December 14, 2012, when the EPA's rejection of the Utah plan appeared in the Federal Register. Thus, Utah and PacificCorp cannot avoid the jurisdictional bar based on the existence of grounds arising after the 60th day.

**B.     Change in the Notice of Promulgation Date**

Utah, PacifiCorp, and the EPA also argue that: (1) the EPA changed the notice date of its decision to January 22, 2013, and (2) based on that date, the petitions would be timely. These arguments are invalid.

When the EPA decides on a state plan, it typically alerts interested parties to the 60-day deadline for filing a petition for review. But the EPA inadvertently neglected to include this statement when rejecting the Utah plan. Trying to correct the error, the EPA stated on January 22, 2013, that aggrieved parties would have until March 25, 2013, to file a petition for review. 78 Fed. Reg. 4341 (Jan. 22, 2013).

Utah and PacifiCorp relied on the EPA's statement, assuming they had until March 25, 2013, to file a petition for review. Based on this assumption, Utah and PacifiCorp filed petitions for review on March 21 and 22, 2013. The parties now argue that when the EPA identified the new deadline (March 25, 2013), it effectively changed the notice date of its decision. This argument is invalid as a matter of law.

To support this argument, the parties rely on 40 C.F.R. § 23.3. This section states that the EPA's action is considered the date of publication in the Federal Register "[u]nless the Administrator otherwise explicitly provides in a particular promulgation, approval, or action." 40 C.F.R. § 23.3. Under § 23.3, we must determine whether the EPA "explicitly" changed the promulgation date.

The word "explicit" means "unequivocal" or "fully and clearly expressed or demonstrated," with nothing left that is "merely implied." *Webster's New Universal Unabridged Dictionary* 681 (1996). With this definition, we conclude that the EPA did not explicitly change the promulgation date.

The EPA may have changed the date implicitly, for the EPA undoubtedly intended to restart the 60-day period. But we are obligated to follow the EPA's own words in 40 C.F.R. § 23.3. There, the EPA said that it could change the promulgation date "explicitly," not "implicitly." When the EPA restarted the 60-day deadline, it never said it was changing the promulgation date of its earlier determination. As a result, the EPA did not "explicitly" change the promulgation date when it incorrectly identified the deadline as March 25, 2013.

In oral argument, the Petitioners' counsel argued that we should defer to the EPA's interpretation of 40 C.F.R. § 23.3. Two problems exist: The EPA never said it had changed the promulgation date, and it has not characterized its identification of the deadline as an "explicit" change in the promulgation date;[1]

---

[1] The EPA did say in its brief that it had "expressly intended" to change the "notice date of promulgation." EPA Jurisd. Mem. at 1-2 (Apr. 24, 2013). But, "intending" to do something is not the same as actually doing it.

6

thus, we do not have a contrary interpretation by the EPA to defer to even if deference were otherwise appropriate.

### C.     The "Reopener Doctrine"

PacifiCorp also invokes the "reopener doctrine." The D.C. Circuit Court of Appeals has recognized the doctrine, but we have not decided whether to adopt the doctrine in our circuit. *See Council Tree Investors, Inc. v. FCC*, 739 F.3d 544, 553 n.7 (10th Cir. 2014) ("we need not decide in this case whether or not to adopt the reopener doctrine"); *HRI, Inc. v. EPA*, 198 F.3d 1224, 1238 n.8 (10th Cir. 2000) ("we decline to decide whether or not to adopt the 'reopener doctrine' in this Circuit"). We need not decide here whether to adopt the doctrine. Even if we were to do so, it would not apply.

"The reopener doctrine allows judicial review where an agency has—either explicitly or implicitly—undertaken to 'reexamine its former choice.'" *Nat'l Mining Ass'n v. U.S. Dep't of the Interior*, 70 F.3d 1345, 1351 (D.C. Cir. 1995) (quoting *Pub. Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 151 (D.C. Cir. 1990)); *see also P & V Enters. v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1024 (D.C. Cir. 2008) (stating that the "[reopener] doctrine only applies . . . where 'the entire context' demonstrates that the agency 'ha[s] undertaken a serious, substantive reconsideration of the [existing] rule'" (second and third alteration in original) (citation omitted) (quoting *Pub. Citizen*, 901 F.2d at 150; *Nat'l Mining Ass'n*, 70 F.3d at 1352)).

This doctrine, as defined in the D.C. Circuit Court of Appeals, would not apply to the EPA's so-called "correction." There, the EPA stated that petitions would be due March 25, 2013, but it did not suggest that it had reexamined, or would reexamine, its rejection of the Utah plan. Thus, even if we were to adopt the reopener doctrine, it would not apply here.

## D. Inequity to Utah and PacifiCorp

The State of Utah and PacificCorp argue that it would be inequitable to dismiss the petitions on the ground of timeliness. We agree that the jurisdictional bar creates an inequity. The EPA stated that petitions were not due until March 25, 2013, and Utah and PacifiCorp naturally assumed that the EPA was correct. But it was not, and we cannot expand our jurisdiction to avoid hardships even when they are inequitable. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007).

## III. Conclusion

The petitions for review are untimely; thus, we dismiss both petitions based on a lack of jurisdiction.